IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESUS GUZMAN-REYES, | § |
| Movant, | § |
| | § |
| VS. | § NO. 4:18-CV-399-O |
| | § (NO. 4:15-CR-258-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jesus Guzman-Reyes, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:15-CR-258-O, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On August 26, 2015, movant was named in a criminal complaint alleging that he was an alien illegally present in the United States who had been arrested for unlawful possession of a firearm. CR Doc.[1] 1. The complaint recited that police had been informed that movant would be delivering a large quantity of methamphetamine to an unknown location. Police observed movant enter an auto repair shop empty-handed and return to his vehicle with a blue paper shopping bag. He was stopped for traffic violations and police discovered that the blue bag contained approximately 2 kilograms of methamphetamine. Movant also had another bag within reach that

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case.

contained approximately 13 grams of methamphetamine, $3,000 in U.S. currency, and a Colt .45 caliber semi-automatic pistol. *Id.* Movant appeared before the United States Magistrate Judge, who appointed the Federal Public Defender to represent movant. CR Doc. 2; CR Doc. 4. Several days later, Frank A. Perez ("Perez") filed a motion to substitute as counsel for movant. CR Doc. 8. The motion was granted. CR Doc. 10. Movant filed a motion to continue presentation of the case to the grand jury, CR Doc. 11, which was granted. CR Doc. 13.

On November 12, 2015, movant was named in a two-count indictment charging him in count one with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and in count two with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1)/(2). CR Doc. 14. Arraignment was set. CR Doc. 17. Movant and Perez signed a factual resume setting forth the penalties movant faced as to each count of the indictment, the elements of each offense charged, and the stipulated facts establishing that movant had committed each of the offenses. CR Doc. 18. On November 18, 2015, movant appeared before the Magistrate Judge and entered a plea of guilty to each count of the indictment. CR Doc. 19. He and Perez signed a consent to administration of guilty plea and Fed. R. Crim. P. 11 allocution by United States Magistrate Judge. CR Doc. 20. The Magistrate Judge issued a report and recommendation that the plea be accepted based, among other things, on the findings that movant fully understood the nature of the charges and penalties, that movant was competent to enter into the plea of guilty, and that the plea was freely and voluntarily entered. CR Doc. 21. Movant did not object to the report and recommendation and the court accepted the plea. CR Doc. 24.

On December 28, 2015, the court received a letter printed in Spanish and signed by movant. CR Doc. 25. The court ordered Perez to meet with movant to review the issues discussed in the

letter and to file a report detailing the length of time spent with movant, the issues discussed, and whether the court should take any action concerning the letter. CR Doc. 26. Perez filed the report, stating that he had met with movant for approximately two hours, discussing attorney's fees, movant's cooperation with the government, and the presentence investigation. Further, movant had explained to Perez that he had been frustrated and confused, but that he wished Perez to continue to represent him. CR Doc. 31.

The probation officer prepared the presentence report ("PSR"), which reflected as to count one that movant's base offense level was 38. CR Doc. 28, ¶ 35. He received two-level enhancements for possession of a weapon, *id.* ¶ 36, for maintaining a drug premises, *id.* ¶ 37, and for being an organizer, leader, manager, or supervisor. *Id.* ¶ 39. The PSR reflected as to count two that movant's base offense level was 8. *Id.* ¶ 42. He received a four-level enhancement as he was previously deported. *Id.* ¶ 43. Applying the multiple count adjustment, movant's total offense level was 41. *Id.* ¶ 55. Based on a criminal history category of II, movant's guideline imprisonment range was 360 months to life. *Id.* ¶ 103. However, the statutory maximum of 20 years as to count one and 10 years as to count two caused the guideline range to be restricted to 360 months. *Id.* ¶¶ 102-03. Perez filed a motion for extension of time to file objections to the PSR so that movant would have an opportunity to review a translated version of the PSR, CR Doc. 32, which the court granted. CR Doc. 34.

Movant sent another letter to the court. CR Doc. 35. Perez filed a motion to withdraw as counsel, citing irreconcilable differences with movant. Perez explained that movant was not happy because he believed information he gave to the government under a proffer agreement was used against him in the PSR. Movant accused Perez of having given him bad advice. CR Doc. 36. The

3

court heard the motion gave movant an opportunity to explain his letter and the request that Perez no longer be his attorney. CR Doc. 71. Movant testified under oath that he was not happy because the PSR reflected that he should be held responsible for 60 kilograms of methamphetamine and numerous weapons based on statements of the auto repair shop owner. Movant admitted that there was no violation of the proffer agreement. The court explained to movant how things would proceed and movant was fine with the plan.[2] *Id.* Perez filed a follow-up report as directed by the court, noting that defendant felt better after the undersigned listened to his concerns. Movant was cooperative with Perez and asked Perez to continue his representation. CR Doc. 40.

Movant filed objections to the PSR. CR Doc. 41. The probation officer prepared an addendum to the PSR. CR Doc. 43. Movant again objected, CR Doc. 48, and the probation officer prepared a second addendum to the PSR. CR Doc. 49. The probation officer prepared a third addendum, CR Doc. 51, in response to movant's renewed objections and motion for variance. CR Doc. 50.

On March 21, 2016, the court sentenced movant to a term of imprisonment of 240 months as to count one and 120 months as to count two, to be served consecutively. CR Doc. 56. Movant appealed. CR Doc. 58. His sentence was affirmed. *United States v. Guzman-Reyes*, 853 F.3d 260 (5th Cir. 2017).

---

[2] Also mentioned at the hearing was that Perez had charged movant's family $25,000 for representing him. They had paid a $10,000 retainer and refused to pay more when they learned that movant's sentence would be more than 4-5 years. Movant did not dispute Perez's description of the fee agreement. CR Doc. 71 at 5–6. The letters he sent the court confirm the arrangement, specifically that movant's wife had paid the $10,000 down payment. CR Docs. 25, 35.

II.

Grounds of the Motion

Movant asserts one ground in support of his motion, worded as follows: Movant's guilty plea was the unintelligent, involuntary product of counsel's conflicted representation. Doc.[3] 1 at 4. The motion is supported by a memorandum. Doc. 2.

III.

Applicable Legal Standards

A.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

5

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The sole ground of movant's motion is that his plea was not knowing and voluntary because Perez suffered from an actual conflict of interest. Movant contends that Perez was retained by "Salvador," the Mexican supplier of the drugs distributed by movant. Doc. 2 at 8. Movant claims that Perez told him never to mention Salvador or movant's friend Aurelio, who was the middleman for drugs, to federal agents. *Id.*, Ex. at ¶ 7. "This scenario represents a classic, textbook example of an actual conflict of interest." *Id.* at 8. Unfortunately for movant, the scenario is made of whole cloth.[4]

The only evidence to support the alleged conflict is a self-serving declaration signed by movant. *Id.*, Ex. The statement contradicts movant's sworn declarations in open court at his arraignment that he had committed all of the essential elements of the offenses charged, CR Doc. 64 at 20, that he was fully satisfied with Perez, *id.* at 21, that no one had made any promise or assurance of any kind to him in an effort to induce him to plead guilty, *id.* at 23, that no one had mentally, physically, or in any other way attempted to force him to plead guilty, *id.* at 23–24, and that he understood that his punishment would be assessed within the range of punishment provided by statute. *Id.* at 24. Specifically, movant testified that he understood that his punishment could be imprisonment for not more than 30 years. *Id.* at 26–27. Further, he understood that if the sentence he received was more severe than he expected, he would still be bound by his plea. *Id.* at 27–28.

Movant sent two letters to the court complaining about Perez. CR Docs. 25 & 35. In each, he stated that his wife had paid the $10,000 down payment to Perez. *Id.* Further, he asked for Perez

---

[4] This is apparent without even considering the affidavit submitted by Perez. Doc. 9.

7

to refund money to him so that he could retain someone else to represent him. *Id.* At the hearing on the motion to withdraw, movant had an opportunity to fully explain his reasons for being upset with Perez. CR Doc. 71. None of movant's complaints had anything to do with instructions from Perez. Rather, movant was upset that information provided by the auto repair shop owner was included in the PSR. He also felt like Perez should have been with him when he talked to federal agents. Movant admitted that Perez told him to cooperate with the agents and that if he gave them information that was helpful to them it might lessen his time in prison. *Id.* at 7. He admitted that the information in the PSR regarding drugs and guns was not taken from his statements, but was coming from someone else. *Id.* at 9–10. Perez was instructed to meet with movant and fully explain all the information against him; movant was instructed to tell Perez everything that might be relevant to his sentence. *Id.* at 17–18. Perez met with movant and filed a report giving details of his meeting with movant. CR Doc. 40. Movant made no further complaints, despite knowing that the court would take any letters seriously and address his concerns. At sentencing, movant had no complaint at all; he simply apologized to the court and to his family. CR Doc. 63 at 7.

In order to proceed, movant must show both cause and prejudice. *Frady*, 456 U.S. at 168. He has shown neither. As the court found, movant's plea was knowing and voluntary. His solemn declarations in open court at arraignment and the hearing on the motion to withdraw are entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant's conclusory allegation that Perez was paid by Salvador is insufficient to raise a genuine issue as to

a conflict,[5] much less to call into question the validity of movant's plea.[6] His contention that Perez promised that he would receive a sentence of ten years if he cooperated is contrary to his testimony in open court and has no independent indicia of reliability. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant's excuse that he "is a layman who doesn't speak English," Doc. 12 at 4, does not establish cause. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

The conflict alleged in this case is nonsensical in any event. Movant acknowledges that Salvador and Aurelio reside in Mexico. There is no contention, much less any reason to believe, that Perez needed to protect them from anything. *See United States v. Infante*, 404 F.3d 376, 393 (5th Cir. 2005)(conflict may be shown with evidence that counsel's judgment was actually fettered by a concern over the effect of certain trial decisions on other clients). Even assuming what movant says is true, he should not be allowed to lie behind the log, going along with the scheme and giving false information about his source of supply, and then when he receives a long sentence, allege that he should somehow benefit from his own misdeeds. *See Sealed Appellee v. Sealed Appellant*, 900 F.3d 663 (5th Cir. 2018).

In sum, movant's allegations are belied by the record. Hence, there is no need for a hearing. *Cervantes*, 132 F.3d at 1110.

---

[5] As movant himself notes, a conflict of interest does not arise automatically just because an attorney's fee is paid by a third party. *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1983). In this case, of course, movant admitted that his wife had paid the fee and demanded a refund because Perez was not as attentive as movant thought he should be. CR Doc. 35.

[6] The court notes that movant did not make any facts known that should have caused inquiry into Perez's alleged conflict, unlike the situation in *Wood v. Georgia*, 450 U.S. 261, 272 (1981), upon which movant relies. Doc. 2 at 7.

V.

<u>Order</u>

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 14, 2020.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**